**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

THOMAS KEATHLEY and CONNIE
KEATHLEY,

    Plaintiffs,

v.

BUDDY AYERS CONSTRUCTION, INC.,
and DAVID FOWLER, Individually, and as
an Employee, Agent, and/or Servant of
Buddy Ayers Construction, Inc.,

    Defendants.

Civil Action No. 3:21cv261-MPM-RP

JURY DEMANDED

## COMPLAINT

COME NOW the Plaintiffs, by and through the undersigned attorney of record, and for cause of action against the Defendants would respectfully state as follows:

### PARTIES

1. Plaintiff Thomas Keathley is an adult resident of Crittenden County, Arkansas. At all times material hereto, Plaintiff Thomas Keathley was and is married to Plaintiff Connie Keathley.

2. Plaintiff Connie Keathley is an adult resident of Crittenden County, Arkansas. At all times material hereto, Plaintiff Connie Keathley was and is married to Plaintiff Thomas Keathley.

3. Defendant Buddy Ayers Construction, Inc. ("Defendant Buddy Ayers

1

Construction") is a Mississippi for profit corporation, registered to do business in the State of Mississippi. Defendant Buddy Ayers Construction's registered agent for service of process is Buddy Ayers, located at 202 Ayers Road, Corinth, MS 38834. Upon information and belief, Defendant Buddy Ayers Construction operates a site development and excavating contracting company through the use of employees, agents, servants and/or other contractors who perform services within the scope of their employment, apparent authority, agency, or contract to act for the corporation.

4. Defendant David Fowler ("Defendant Fowler") is an adult resident of McNairy County, Tennessee, residing therein at 7910 HWY 45, Ramer, Tennessee 38367. Upon information and belief, Defendant Fowler was employed by and/or an agent of Defendant Buddy Ayers Construction and was driving a tractor-trailer in the course and scope of his employment and/or agency and in furtherance of the business of Defendant Buddy Ayers Construction at all times pertinent hereto.

## JURISDICTION AND VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to Plaintiffs' cause of action occurred in this district.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to Plaintiffs exceeds $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship between the Plaintiffs and Defendants.

7. This Complaint was filed within the applicable statute of limitations.

8. Defendant Buddy Ayers Construction was properly served with process.

9. Defendant Fowler was properly served with process.

## DEFINITIONS

10. Whenever the term "Defendants" is utilized within this lawsuit, the term collectively refers to and includes all named Defendants in this lawsuit.

11. Whenever in this lawsuit it is alleged that Defendant Buddy Ayers Construction did any act of thing or failed to do any act or thing, it is meant that the officers, agents, or employees of Defendant Buddy Ayers Construction performed, participated in, or failed to do the act or thing while in the course and scope of their employment and or agency with Defendant Buddy Ayers Construction.

## NATURE OF DEFENDANT BUDDY AYERS CONSTRUCTION'S LIABILITY

12. Defendant Buddy Ayers Construction is directly liable for its own corporate negligence as well as for the acts and omissions of its servants, employees, and agents by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, loaned servant relations, joint-venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

## FACTUAL ALLEGATIONS

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

13. This cause of action arises out of a collision between a tractor trailer owned by JB Hunt Transportation Services and operated by Plaintiff Thomas Keathley, a vehicle owned and operated by Amber Meredith, and a tractor-trailer owned by Defendant Buddy Ayers Construction

and operated by Defendant Fowler in the course and scope of his employment and/or agency with Defendant Buddy Ayers Construction and in furtherance of the business of Defendant Buddy Ayers Construction.

14. The collision occurred on or about August 23, 2021 at approximately 3:00 p.m., at the intersection of Harper Road and US-72 in Alcorn County, Mississippi (the "intersection").

15. On or about August 23, 2021, at approximately 3:00 p.m., Plaintiff Thomas Keathley was traveling westbound in the inside lane of US-72 and brought his vehicle to a controlled and complete stop at the traffic light.

16. On or about August 23, 2021, at approximately 3:00 p.m., Ms. Meredith was traveling westbound in the outside lane of US-72 and brought her vehicle to a controlled and complete stop at the traffic light.

17. On or about August 23, 2021, at approximately 3:00 p.m., Defendant Fowler was traveling westbound in the outside lane of US-72 approaching the intersection and crashed into the rear of both Ms. Meredith's vehicle and Plaintiff Thomas Keathley's tractor-trailer.

18. As a direct and proximate result of the crash, Plaintiff Thomas Keathley sustained injuries that required medical attention.

19. At the time of the crash, Defendant Fowler was required to pay attention to the road and to other vehicles at all times.

20. At the time of the crash, Defendant Fowler was required to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances.

21. At the time of the crash, Defendant Fowler was required to keep a safe distance

between his vehicle and vehicles in front of him.

22. At all times material hereto, Defendant Fowler was acting in the course and scope of employment or agency with Defendant Buddy Ayers Construction and with the consent, knowledge, and approval of Defendant Buddy Ayers Construction, which owned and supplied the tractor-trailer to Defendant Fowler. Accordingly, Defendant Buddy Ayers Construction is liable for the acts and omissions of Defendant Fowler by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, loaned servant relations, joint venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

23. At all times material hereto, Plaintiff Thomas Keathley was operating his vehicle in a lawful, prudent and cautious manner and was in no way negligent.

## **LIABILITY**

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

## **Count I – Negligence of Defendant Fowler**

24. Defendant Fowler owed a duty to Plaintiffs to act reasonably under the circumstances that existed at the time of the collision.

25. Defendant Fowler breached this common law duty of care in each of, but not limited to the following ways:

   a. Failure to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances;

   b. Failure to maintain the vehicle he was operating under due and reasonable control;

    c.  Failure to maintain a due and proper lookout in the direction he was driving;

    d.  Failure to exercise care for the safety of other persons operating vehicles on the road;

    e.  Failure to devote full time and attention to the operation of a motor vehicle;

    f.  Failure to maintain a safe traveling distance between his vehicle and those in front of him; and

    g.  Failure to pay attention to the road and to other vehicles at all times.

26. Defendant Fowler was guilty violation Sec. 20-176 <u>Following too closely</u> of the Ordinances of the City of Corinth, MS, each of which was in full force and effect at the time of the collision, the violations constituting negligence per se, and each of which was a direct and proximate cause of the collision and injuries described herein

27. Defendant Fowler was guilty of violating the following statutes of the State of Mississippi, each and every one of which was in full force and effect at the time of the crash, each violation constituting negligence per se, and each of which was a direct and proximate cause of the crash and injuries described herein:

    a.  Miss. Code Ann.   63-3-201  <u>Offenses and penalties generally</u>; and

    b.  Miss. Code Ann.   63-3-619  <u>Distances to be maintained between traveling vehicles</u>.

**Count II - Vicarious Liability of Defendant Buddy Ayers Construction**

28. Defendant Buddy Ayers Construction is guilty of each and every negligent act and omission committed by Defendant Fowler by virtue and effect of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, joint-venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

...

### Count III - Direct Negligence of Defendant Buddy Ayers Construction

29. Defendant Buddy Ayers Construction owed a duty to the public, including Plaintiff Thomas Keathley, to act in a reasonable and prudent manner in the operation of its business, including, but not limited to, hiring qualified drivers, providing proper training and providing proper supervision of its drivers.

30. Defendant Buddy Ayers Construction breached this duty by negligently hiring, training, and/or supervising its drivers, including Defendant Fowler, in each of, but not limited to, the following ways:

   a. Failure to have policies and procedures in place to ensure that all drivers were properly hired, trained, supervised, investigated, and disciplined;

   b. Failure to properly hire, train, educate, supervise, investigate, and discipline drivers;

   c. Failure to maintain its tractor-trailers; and

   d. Failure to use that degree of skill and care required under the circumstances then and there existing.

31. The wrongs complained of in paragraphs 25-30 were the direct and proximate cause of Plaintiff's injuries and damages.

### DAMAGES

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

32. As a direct and proximate result of Defendants' negligence, Plaintiff Thomas Keathley suffered injuries and damages which otherwise would not have occurred.

33. As a direct and proximate result of the negligent acts and omissions of Defendants described herein, Plaintiff Thomas Keathley was injured and damaged. The injuries and damages

for which Plaintiff Thomas Keathley seeks compensation from Defendants include, but are not limited to:

    a. physical pain and suffering of a past, present and future nature;

    b. emotional distress of a past, present and future nature;

    c. Permanent impairment;

    d. Medical bills and expenses of a past, present and future nature;

    e. Loss of earning capacity;

    f. Loss of enjoyment of life;

    g. Post-judgment interest;

    h. Statutory and discretionary costs; and

    i. All such further relief, both general and specific, to which he may be entitled under the premises.

34. Pursuant to MISS. CODE. ANN. § 93-3-1 and Mississippi common law, Plaintiff Connie Keathley is entitled to assert a separate claim for loss of consortium with respect to her husband, Plaintiff Thomas Keathley.

35. As a direct and proximate result of the negligent acts and omissions of Defendants described herein, Plaintiff Connie Keathley was injured and damaged. The injuries and damages for which Plaintiff Connie Keathley seeks compensation from Defendants include, but are not limited to:

    a. loss of consortium; and

    b. all such further relief, both general and specific, to which she may be entitled under the premises.

## PRAYERS FOR RELIEF

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff Thomas Keathley sues the Defendants for his personal injuries and prays for a judgment against the Defendants, jointly and severally, for compensatory damages in a fair and reasonable amount to be determined by a jury, but exceeding $75,000.00, and for all such further relief, both general and specific, to which he may be entitled under the premises.

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff Connie Keathley sues the Defendants for her personal injuries and prays for a judgment against the Defendants, jointly and severally, for compensatory damages in a fair and reasonable amount to be determined by a jury, but exceeding $75,000.00, and for all such further relief, both general and specific, to which she may be entitled under the premises.

38. **PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY.**

Respectfully submitted,

BAILEY & GREER, PLLC

/s/ Thomas R. Greer
Thomas R. Greer (#105164)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580
tgreer@baileygreer.com