IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**THOMAS KEATHLEY**                                                                                            **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 3:21-cv-261-MPM-RP**

**BUDDY AYERS CONSTRUCTION, INC., et al.**                                      **DEFENDANTS**

**ORDER STAYING CERTAIN DISCOVERY**

This matter is before the court on the defendant Buddy Ayers Construction's Corrected Motion to Stay requesting a stay of all proceedings, including depositions, pending a ruling on its Motion for Judgment on the Pleadings. ECF #107. The plaintiff Thomas Keathley opposes the motion. The court finds the motion is well taken and should be granted to the extent set forth below.

The plaintiff brought this action seeking recovery for injuries he allegedly sustained in a tractor-trailer accident involving a tractor owned by Buddy Ayers Construction ("BAC") and operated by BAC's employee David Fowler. In addition to alleging the negligence of Fowler in operating BAC's tractor and the resulting vicarious liability of BAC for the plaintiff's injuries, the plaintiff has brought claims against BAC for its alleged direct negligence and gross negligence in the hiring, training, and supervision of Fowler, for which conduct the plaintiff seeks an award of punitive damages. In response to the plaintiff's claims, BAC has admitted that Fowler was operating the tractor in the course and scope of his employment with BAC and

1

that BAC is vicariously liable for Fowler's negligence.[1] Citing its admissions, and characterizing the plaintiff's claims of gross negligence on the part of BAC as mere conclusory allegations with no factual support, BAC has moved for judgment on the pleadings as to the plaintiff's claims against it for direct negligence, gross negligence, and punitive damages. ECF #97. BAC now requests a stay of discovery, including the plaintiff's noticed Rule 30(b)(6) deposition of BAC, pending the court's ruling on its motion for judgment on the pleadings. BAC argues it should not be subjected to burdensome and expensive discovery regarding claims that may well be dismissed based on the pleadings. Under the circumstances of this case, the court agrees.

It is well established that a district court has the power to manage its docket and may elect, at its discretion, to stay proceedings. *Landis v. North American Co.,* 299 U.S. 248, 245-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* In exercising its discretion in these regards, the court considers (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and a trial date has been set. *Golden Rule Fasteners Inc. v. Neverleak Company, LP,* No. 3:17-cv-249-MPM-JMV, 2019 WL 257983, at *2 (N.D. Miss. Jan. 17, 2019).

---

[1] Also, Fowler has admitted that he was negligent in the operation of BAC's vehicle and that his negligence caused the accident

As to the first factor in the present case, a stay of all discovery as requested by BAC – including discovery as to claims that are not the subject of BAC's motion for judgment on the pleadings and that will go forward in this case – may well unduly prejudice or present a tactical disadvantage to the plaintiff. However, if discovery were to be stayed only as to those claims that are the subject of BAC's motion for judgment on the pleadings, then the court foresees no such prejudice or tactical disadvantage to the plaintiff. The court's resolution of that motion will be based on the face of the pleadings, and the plaintiff's opposition to that motion will not benefit from any discovery related to those claims. This factor weighs in favor of such a limited stay of discovery.

As to the second factor, BAC's motion for judgment on the pleadings, if granted, would certainly simplify the issues in question and the trial of the case. Given BAC's admissions as to its vicarious liability for Fowler's negligence, it appears to the undersigned that there is some merit to BAC's motion. This factor weighs in favor of a stay.

Lastly, discovery in this case is ongoing and the discovery period has been extended to August 3, 2023. The trial of this matter is set for January 3, 2024. If BAC's motion for judgment on the pleadings were to be denied, then the court expects the plaintiff's Rule 30(b)(6) deposition of BAC and any other discovery regarding its direct and gross negligence claims against BAC could be conducted before the discovery deadline or, if not, then a brief extension of the discovery period and/or a brief trial continuance could accommodate the plaintiff's need for such discovery.

In summary, after consideration of the relevant factors, and although the court believes a

3

stay of all discovery is unwarranted, the court concludes that the benefits of a stay of discovery as to the claims that are the subject of BAC's motion for judgment on the pleadings outweigh the burdens of such a stay.

THEREFORE, IT IS ORDERED that Buddy Ayers Construction's Corrected Motion to Stay is GRANTED as follows: All discovery as to the plaintiff's claims against Buddy Ayers Construction for direct negligence, gross negligence, and punitive damages, including the plaintiff's Rule 30(b)(6) deposition of Buddy Ayers Construction, is STAYED pending a ruling on Buddy Ayers Construction's Motion for Judgment on the Pleadings. All other discovery may proceed.

**SO ORDERED,** this the 22nd day of March, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE