IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**THOMAS KEATHLEY**                                                               **PLAINTIFF**

**V.**                                                          **NO. 3:21CV261 M-P**

**BUDDY AYERS CONSTRUCTION, INC.,
AND DAVID FOWLER. INDIVIDUALLY,
AND AS AN EMPLOYEE, AGENT,
AND/OR SERVANT OF BUDDY AYERS
CONSTRUCTION, INC.,**                                                          **DEFENDANTS**

**ORDER**

This cause comes before the court on the joint motion of the parties, seeking a finding that diversity jurisdiction exists in this case. This joint motion was filed in response to the Fifth Circuit's decision to remand this case "for the limited purpose of allowing the parties to supplement the record as necessary so that the district court can make a finding regarding the parties' citizenship." [Fifth Circuit jurisdictional remand order at 3]. From reading the Fifth Circuit's order, it appears that the panel's decision to remand this case for jurisdictional findings was based on the fact that, in their submissions on appeal, the parties merely affirmed that complete diversity existed based upon the "residences" of the parties. While so affirming, the parties failed to establish that complete diversity existed based upon the *citizenships* of the parties. Specifically, the Fifth Circuit noted in its order that:

> The parties then submitted supplemental letter briefs in support of their consistent positions that diversity of citizenship exists, pointing this court to various pleadings in the record that primarily provide statements regarding the various residences of the parties. According to the pleadings, Keathley is a resident of Arkansas, BAC is a corporation registered to do business in Mississippi, and Fowler, BAC's driver that was in the collision with Keathley, is a resident of Tennessee. Nonetheless, as this court has

1

> previously held and recently reemphasized, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *See J.A. Masters Invs. v. Beltramini,* 117 F.4th 321, 322 (5th Cir. 2024) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

[Remand order at 2-3].

It is, in this court's experience, common for litigants to conflate an individual's state of residence with his or her state of citizenship, partly because those states are one and the same in the vast majority of cases. That is not always the case, however, and in cases where the states of residence and citizenship diverge, federal law is clear that the latter controls for the purposes of determining whether diversity jurisdiction exists. The Fifth Circuit noted in its remand order that, in the case of corporations, 28 U.S.C. § 1332(c)(1) provides that a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *See Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). [*Id.* at 3, n. 3].

It appears that, in their joint motion, the parties have rectified the shortcomings of their submissions before the Fifth Circuit, agreeing and stipulating that:

1) Plaintiff Keathley was and has remained a "resident citizen" of Arkansas since this case was filed.
2) Defendant Buddy Ayers Construction, Inc. has been, at all relevant times, incorporated in Mississippi and has had its principal place of business here as well.
3) Defendant David Fowler was and has remained a "resident citizen" of Tennessee since this case was filed.

[Joint motion at 2]. It seems clear that the key word in these stipulations is "citizen," since, to reiterate, the parties stopped short of affirming their respective states of "citizenship" in their submissions before the Fifth Circuit. Based upon the parties' revised submissions, this court

2

agrees with them that complete diversity exists in this case, and it is undisputed that the $75,000 amount in controversy requirement is met. This court therefore concludes that the parties' joint motion for a finding of diversity jurisdiction is well taken and should be granted.

It is therefore ordered that the parties' joint motion for a finding of diversity jurisdiction is granted.

This, the 23rd day of January, 2025.

/s/ Michael P. Mills
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI